Turley, J.
delivered the opinion of the court.
There is no error in this case; the prisoner has been tried a second time and convicted of a very aggravated homicide, and must now abide the penalty prescribed for it. The charge of the judge of the Circuit Court to the jury is accurate in every particular; and lays down the law correctly, in relation to the legal effect of the intoxication of the prisoner at the time he committed the offence^ and under this charge the jury have found that it was not of such a character as to mitigate the homicide from murder in the first to murder in the second degree; and from the proof in the case we are satisfied that this finding is correct.
As to the objection that there is no proof of venue: all that we think it necessary to observe is, that the bill of *721 indictment charges the crime to have been • committed in Hardeman county; and the defendant in his plea confesses the felonious slaying charged, but denies that it was done wilfully, deliberately, premeditatedly, and with malice aforethought, so as to constitute murder in the first or second degree. This is the substance of his plea, which is in the words following:
“The defendant by leave of the court withdraws his plea of not guilty heretofore pleaded, and now pleads that he is not guilty of murder in the first or second degree or involuntary manslaughter, but confesses that he is guilty of voluntary manslaughter.”
This admission of the felonious slaying, is to be referred to the charge as made in the bill of indictment, and considered as a confession of the homicide in the county of Hardeman; this plea confesses everything but the intent, and under it no proof was really necessary, but such as showed that the killing was done willfully, deliberately, premeditatedly, and maliciously; or that it was done with malice aforethought, without circumstances of justification or excuse. In addition to this, it is to be observed that there is proof in the record, from which it is most clearly infera-ble that the homicide was committed in Hardeman county, and from which the jury might well have found, that it was so committed.
Let the judgment of the Circuit Court be affirmed.